IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER T. HARRELL,

    Plaintiff,                      No. CIV S-05-0420 GEB CMK

    vs.

DARREL LEMOS, et al.,

    Defendants.                <u>ORDER</u>

         Mr. Harrell, who is proceeding without counsel and in forma pauperis, has filed this civil rights action against defendants. He alleges various federal and civil rights violations stemming from an August 22, 2003 arrest. This case came on for hearing on defendant Merril's and defendant Riggins's motion to dismiss on October 26, 2006. Phillip B. Price appeared on behalf of defendants; Mr. Harrel appeared on his own behalf.

         During the course of the hearing, it became clear based on the statements of both Mr. Harrell and Mr. Price that criminal charges stemming from plaintiff's August 22, 2003 arrest are currently pending against plaintiff.[1] The court also discussed plaintiff's failure to specifically allege compliance with the requirements of the California Government Tort Liability Act.

---

[1] Both parties agreed that at the time plaintiff filed this complaint, March 3, 2005, the charges against plaintiff had been dismissed. The charges were subsequently re-filed.

1

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a decision, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Prior to bringing suit for damages against a public entity, a plaintiff must prove presentation of the claim to the appropriate public entity, which must have resolved it. See Cal. Gov. Code §§ 911.2, 915, 945.4. A claim must be presented to the appropriate public entity not later than six months after the accrual of the cause of action. See id. § 911.2. This serves to give the public entity prompt notice of a claim so that it may investigate the strengths and weaknesses of a the claim while the evidence is still fresh and witnesses are available, affords an opportunity for amicable adjustment, and informs the public entity of potential liability so it can better prepare for the fiscal year. See Renteria v. Junenile Justice Dep't. of Corrections, 135 Cal. App. 4th 903 (Cal. App. 2006). Because plaintiff's suit is against a public entity and public employees, he must allege that he presented a timely claim to the County of Siskiyou and Siskiyou County's Board of Supervisors acted on that claim. See See Cal. Gov. Code §§ 945.4, 950.2 and 950.6.

At the hearing, plaintiff averred that he had presented his claim to the Siskiyou County Board of Supervisors on May 12, 2004. However, plaintiff fails to make any such allegations in his complaint. Moreover, the court notes that May 12, 2004 is more than six months after the September 23, 2003 arrest, which is when plaintiff's cause of action accrued. Plaintiff's notion of adding the oblique language of "timely communicated notice" is of no assistance to him, and certainly not to the court in the ultimate resolution of his dispute since

"timely" is not a subjective standard.

Accordingly, the court declines to rule on defendants' motion to dismiss at this time. Instead, the court will order plaintiff to file an amended complaint which addresses the afore mentioned deficiencies.

IT IS ORDERED that:

1. Plaintiff, Peter Harrell, shall have fifteen days from the date this order is filed within which to file an amended complaint alleging that:

    a. The criminal charges against him stemming from the September 23, 2003 arrest have been dropped or resolved in his favor and;

    b. He has complied with the aforementioned requirements of California's Governmental Tort Liability Act, by specifically attaching as an Exhibit to the amended complaint a copy of his claim satisfying the requirements of Gov. Code §§ 910, et seq.

2. If plaintiff fails to do so, the court will dismiss plaintiff's complaint, without prejudice, for failure to state a claim upon which relief may be granted.

3. The court will consider defendants' motion to dismiss after the filing of any amended complaint or expiration of time to file such.

DATED: October 27, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE