IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER T. HARRELL

    Plaintiff,                    No. CIV S-05-0420 GEB CMK

    vs.                            **Order to Show Cause Why Second Amended**

DARREL LEMOS, et al.,        **Complaint Does Not Violate Rule 11 Of The**

    Defendants.               **Federal Rules Of Civil Procedure**

_____/

        Rule 11 provides that by presenting to the court a pleading an unrepresented party is certifying that, to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances that the allegations or other factual contentions have evidentiary support. Fed. R. Civ. P 11(b)(3).

        A hearing on the motion to dismiss filed by defendant Riggins and defendant Merril was held on October 26, 2006. At the hearing, it became clear, based on the statements of both Mr. Harrell and defendants' counsel, Phillip Price, that the criminal charges stemming from Mr. Harrell's August 22, 2003 arrest are currently pending against Mr. Harrell.[1]  On October 30,

---

[1] Both parties agree that the charges had been dismissed on January 7, 2004 and were not pending when plaintiff filed his complaint in this court on March 3, 2005. However, this status appears to have changed.

1

1  2006, the court filed an order noting that, to recover damages for any harm caused by actions

2  whose unlawfulness would render a conviction or sentence invalid, a civil rights plaintiff must

3  prove that the conviction or sentence has been reversed on direct appeal or otherwise called into

4  question; in other words, to proceed on the instant claims relating to his 2003 arrest, Mr. Harrell

5  must show that no charges stemming from that arrest are currently pending against him.

6  Accordingly, the court ordered Mr. Harrell to, within fifteen days, file an amended complaint

7  alleging that the criminal charges against him stemming from the September 23, 2003 arrest have

8  been dropped or resolved in his favor. (Doc. 3.)

9  Mr. Harrell has now filed an amended complaint. In his amended complaint Mr.

10  Harrell alleges that "the criminal charges arising from the incident on September 22, 2003, were

11  dismissed on January 7, 2004 by motion of the People of the State of California." (Am. Compl.

12  at 3:19-21; 6:13-15.) These statements would lead the court to believe that all charges pending

13  against Mr. Harrell stemming from the August 2003 arrest were dismissed.

14  Based on the discussions at the October 26, 2006 hearing, the court has reason to

15  believe that this is not a true statement to the best of plaintiff's knowledge. During the October

16  26, 2006 hearing Mr. Harrell stated that the county has chosen to re-file the charges against him.

17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///

Accordingly, IT IS ORDERED that, within ten days of the date this order is filed, Mr. Harrell will show cause, in writing:

1. Why his representations in his amended complaint that all charges stemming from his August 2003 arrest are currently dismissed does not violate Rule 11.

2. Mr. Harrell is also ordered to provide to the court, in a signed writing, the current status of any charges pending against him as a result of the August 23, 2003 arrest. In other words, Mr. Harrell shall advise the court, in writing, of whether any charges stemming from the August 23, 2003 arrest are pending against him. If Mr. Harrell avers that all charges stemming from this arrest have been dismissed, Mr. Harrell shall provide the court with a copy of notice of dismissal.

3. Failure to comply with this order may result in further sanctions and a recommendation that this action be dismissed.

DATED: November 16, 2006.

                                                            **CRAIG M. KELLISON**
                                                           UNITED STATES MAGISTRATE JUDGE