IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER T. HARRELL,

    Plaintiff,                      No. CIV S-05-0420 GEB CMK

    vs.

DARREL LEMOS, et al.,             <u>Order Discharging the Order to Show Cause</u>

    Defendants.               <u>And Warning Plaintiff of Possible Future Sanctions</u>

_____/

        Mr. Harrell, who is proceeding without counsel and in forma pauperis, has filed this civil rights action against defendants. He alleges various federal and civil rights violations stemming from an August 22, 2003 arrest. At a hearing held on October 26, 2006, it became clear, based on the statements of both parties, that criminal charges stemming from plaintiff's September 22, 2003 arrest were currently pending against plaintiff. Specifically, the parties agreed that the criminal charges originally filed against plaintiff were dismissed in January 2004 and were not pending when plaintiff filed this action; however, the charges were re-filed in January 2006 during the pendency of this action. By order filed October 30, 2006, the court ordered plaintiff to, within fifteen days, file a second amended complaint alleging that the criminal charges against him stemming from the September 23, 2003 arrest were dropped, resolved in his favor, or otherwise called into question. (Doc. 3.)

1

Plaintiff filed a second amended complaint on November 14, 2006. In his amended complaint, plaintiff states that the was "initially arrested by defendant Lemos on or about September 22, 2003, with formal charges filed against Plaintiff a few days later." (Doc. 47 at 3:12-14.) He alleged that "the criminal charges arising from the incident on September 22, 2003, were dismissed on January 7, 2004 by motion of the People of the State of California." (Doc. 47 at 3:19-21; 6:13-15.) As these statements would lead the court to believe that the charges pending against plaintiff from the September 2003 arrest were dismissed and these statements were in contradiction to plaintiff's statements at the October 26, 2006 hearing, the court ordered plaintiff to show cause why his second amended complaint did not violate Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff has now filed a response to the order to show cause. He states that the only criminal charges pending against him in Siskiyou County are in Case No. MCYKCRF06-0170, which was filed in January 2006. Plaintiff further states that he was been informed by appointed counsel that these charges "arise from the substance of Plaintiff's testimony at a criminal trial on our about September 23, 2005."

The court finds that plaintiff's statements in his Second Amended Complaint and his response to the order to show cause violate Rule 11 because the statements were made in bad faith. Specifically, the court finds that plaintiff was well aware when he filed his second amended complaint that the charges stemming from his September 2003 arrest had been re-filed against him. This was made apparent by plaintiff's statements at the October 2006 hearing. Yet, plaintiff still chose to leave this salient fact out of his second amended complaint, despite being specifically directed by the court to allege the state of any charges stemming from the September 2003 arrest in any amended complaint. Although plaintiff did not make an overt dishonest statement to the court, he was dishonest in his omission of the fact that the charges against him had been re-filed. Given the number of cases which plaintiff has pending in this court alone, the court is not inclined to believe that plaintiff's misstatement was a mistake born of inexperience

in litigating, but instead, as described above a result of intentional bad faith. See e.g., Harrell v. Montgomery, et. al., 05-1784 LKK CMK, Harrell v. Kepreos, 06-0849 MCE CMK, Harrell v. Murray, 06-1701 LKK CMK.[1]

Further, in his response to the order to show cause, plaintiff would have the court believe that the charges filed in January 2006 "arise from the substance of Plaintiff's testimony at a criminal trial on our about September 23, 2005" instead of from plaintiff's September 2003 arrest. However, defendants have filed a request that the court take judicial notice of the pendency of a second criminal action against plaintiff arising out of the September 2003 arrest. (Doc. 52.) In support of their motion, defendants direct the court's attention to the case information maintained by the Siskiyou County Superior Court. See www.siskiyou.courts.ca.gov. Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of the Siskiyou County Superior Court records. The records show that there are charges pending against plaintiff, Peter T. Harrell, in case number MCYKCRF06000170, which are described as cultivation, possession for sale and transport for sale of marijuana. See www.siskiyou.courts.ca.gov. The violation date is listed as September 22, 2003. The court finds that, given the information listed concerning the charges, plaintiff sought to mislead the court when he stated in his response to the order to show cause that the charges stemmed from plaintiff's testimony at a criminal trial in 2005. The charging information states that the violation date is September 22, 2003, and the court cannot find that plaintiff was not aware of that fact. Again, plaintiff's dishonesty is one of omission rather than commission, but it is dishonesty nonetheless.

The federal courts have fashioned a myriad of sanctions to deal with Rule 11 violations. Sanctions have not been limited to the payment of attorney's fees and costs, but have included fines to the court, Roberts v. McCrory. 693 F.Supp. 998 (W.D.Okl.1987); or a combination of attorney's fees and fines, Dominguez v. Figel, 626 F.Supp. 368 (N.D.Ind.1986).

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980)

3

Sanctions have also been somewhat creative, including ordering the offending attorneys to appear at a hearing to show cause why they should not be suspended from practice, Kendrick v. Zanides, 609 F.Supp. 1162 (N.D.Cal.1985); ordering payment of interest on a judgment delayed by frivolous filings, Davis v. Veslan Enters, 765 F.2d 494 (5th Cir.1985); directing the distribution of a copy of the opinion ordering sanctions to every member of the offending attorneys' firm, Huettig & Schromm, Inc. v. Landscape Contractors Council, 582 F.Supp. 1519, (N.D.Cal.1984) aff'd (9th Cir.1986), 790 F.2d 1421; and directing the distribution of a copy of the order to all U.S. District Court judges, magistrates and bankruptcy judges in the district in which the offending conduct occurred, Roberts, 693 F.Supp. at 1011. In short, the court has significant discretion in determining what, if any, sanction should be imposed for a violation, subject to the principle that the sanctions should not be more severe than reasonably necessary to deter repetition of the conduct. Fed. R. Civ. P 1, Comment subdivisions (b) and (c).

Bearing this in mind, the court imposes the following sanction. Plaintiff is formally cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court when it is determined that he makes untruthful representations to the court. Plaintiff is cautioned that future willful misrepresentations to the court may result in his being declared a vexatious litigant, which would result in plaintiff having to be granted permission to file lawsuits prior to being able to file them. Plaintiff is also cautioned that further misrepresentations in any of his pending civil cases may result in the sanction of dismissal of that action. Further, the court will impose the sanction of ordering this order to be filed in each civil case that plaintiff is a party in this court and to be served on all parties in those actions.

IT IS ORDERED that:

1. The order to show cause (doc. 48) is discharged.

2. The court finds that plaintiff's statements in his Second Amended Complaint and in his response to the order to show cause violated Rule 11 of the Federal Rules of Civil Procedure.

3. Plaintiff is cautioned that continued willful misrepresentations to the court will result in his being declared a vexatious litigant. Plaintiff is also cautioned that further misrepresentations in any of his pending civil cases may result in the sanction of dismissal of that action.

4. The Clerk of the Court is ordered to file a copy of this order in each civil case in which plaintiff is a party in this court and to serve a copy of this order on all parties in those actions. A list of the other civil cases in which plaintiff is a party is as follows: <u>Harrell v. Montgomery, et. al.</u>, 05-1784 LKK CMK, <u>Harrell v. Kepreos</u>, 06-0849 MCE CMK, <u>Harrell v. Murray</u>, 06-1701 LKK CMK.

DATED: November 28, 2006.

                                 **CRAIG M. KELLISON**
                                 UNITED STATES MAGISTRATE JUDGE