IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER T. HARRELL,

    Plaintiff,

No. CIV S-05-0420 GEB CMK

vs.

DARREL LEMOS, et al.,

    Defendants.

FINDINGS AND RECOMMENDATIONS

_____/

    Mr. Harrell, who is proceeding without counsel and in forma pauperis, has filed this civil rights action against defendants. He alleges various federal civil rights and state law violations stemming from a September 22, 2003 arrest. By order filed October 30, 2006, the court granted plaintiff leave to file an amended complaint which alleged that the criminal charges pending against as a result of the September 22, 2003 arrest had been dropped or otherwise resolved in his favor. For reasons more fully explained below, the court finds that dismissal based on Heck v. Humphrey, 512 U.S. 477 (1994) is appropriate.

///
///
///
///

1

Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if the action is frivolous or malicious, fails to state a claim on which relief may be granted. In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a decision, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Here, plaintiff's amended complaint alleges that "the criminal charges arising from the incident on September 22, 2003, were dismissed on January 7, 2004..." (Doc. 47 at 3:19-21; 6:13-15." Although these statements indicate that all charges pending against plaintiff as a result of the September 2003 incident had been dismissed, plaintiff had previously advised the court otherwise.[1] Specifically, at a hearing on this matter on October 26, 2006, both plaintiff and defendant's counsel agreed that criminal charges stemming from the September 22, 2003 arrest are currently pending against plaintiff.[2] Further, on November 22, 2006, defendants filed a motion requesting that the court take judicial notice of Siskiyou County Superior Court records which show that there is a pending criminal action against plaintiff stemming from the September 2003 violation. (Doc. 52.) Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of these records. Fed. R. Evid. 201. A check of the Siskiyou County Superior Court's online records reveals that charges stemming from the September 2003 violation were filed against plaintiff in January 2006 and are still pending. See

---

[1]By separate order, the court has addressed plaintiff's misrepresentations to the court. (Doc. 56.)

[2]At the time this action was opened, the charges stemming from the arrest had been dismissed; however, it appears they were re-filed in January 2006, during the pendency of this action.

www.siskiyou.courts.ca.gov.

Because plaintiff cannot establish that any pending criminal charges, conviction or sentence stemming from the September 2003 arrest have been dismissed, reversed, expunged, declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the court finds that plaintiff's complaint fails to state a cognizable claim for relief. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The court notes that, in his response to the court's order to show cause, plaintiff urges the court to stay this action pending the outcome of the criminal proceedings against him. However, Heck v. Humphrey, 512 U.S. 477 (1994) bars this course of action. Id. (stating that the § 1983 claim does not accrue until the plaintiff has somehow invalidated the conviction, sentence, or fact of imprisonment).

Plaintiff further states that dismissal of this action would be a windfall to defendants, effectively barring his cause of action because the statue of limitations for his claim has already run. The court is not persuaded by this argument. There are tolling provisions in place which may defeat any statue of limitations arguments. This, however, is a problem for another day. What is clear now is that plaintiff does not have a cause of action because his § 1983 claim cannot accrue until he has somehow invalidated the criminal charges stemming from his September 2003 arrest which are currently pending against him. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Accordingly, the court recommends that this action be dismissed for failure to state a cognizable civil rights claim. In light of the court's finding that plaintiff fails to state a cognizable federal civil rights claim, the court will recommend that the district court decline to exercise jurisdiction over plaintiff's state claims. See 28 U.S.C. § 1367(c). Therefore, the court recommends that plaintiff's complaint be dismissed in its entirety.

Also pending before the court are defendants' September 5, 2006 and November 22, 2006 motions to dismiss plaintiff's complaint. In light of the recommendation that plaintiff's complaint be dismissed for failure to state a claim, the court finds that the motions to dismiss are

moot.

Based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's second amended complaint be dismissed for failure to state a claim upon which relief can be granted.

2. Defendants' motions to dismiss (docs. 35 and 50) are rendered moot by the dismissal of the complaint in this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 30, 2006.

*[signature]*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE